UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IGOR SHAKHNIS, on behalf of himself
and others similarly situated,

CASE NO.:  15-20909-ClV-KlNG

Plaintiff,

v.

WORLDWIDE TRANSPORTATION
SERVICES, INC., a Florida Profit Corporation,
and ALI MALEK, individually.

Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, IGOR SHAKHNIS ("SHAKHNIS" or "Plaintiff"), by and through undersigned counsel, on behalf of himself, and other similarly situated limousine drivers, files this Complaint against Defendants, WORLWIDE TRANSPORTATION SERVICES, INC. ("WWTS") and ALI MALEK, individually ("MALEK") (collectively "Defendants" or Defendant) and states as follows:

## JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.      This Court has the authority to grant declaratory relief pursuant to the FLSA and

the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4.      This case is filed as a putative collective action against Defendants on behalf of any and all limousine drivers employed by Defendants during the last three (3) years, who were misclassified as "independent contractors," and were not paid overtime compensation for any hours worked in excess of forty (40) hours in any given workweek.

## PARTIES

5.      At all times material hereto, Plaintiff was a limousine driver for Defendants, and a resident of Dade County, Florida.

6.      The other putative class members in this case also were limousine drivers for Defendants and reside, primarily, in the tri-County area including Dade, Broward, and Palm Beach counties.

7.      At all times material hereto, WWTS was and continues to be a Florida Profit Corporation.  Further, at all times material hereto, WWTS was and continues to be engaged in the limousine business in Florida, with its principal place of business in Dade County, Florida.

8.      Defendant, MALEK, during the last three (3) years was an owner of WWTS and regularly engaged in, among others, the following activities: (a) classifying WWTS limousine drivers as "independent contractors,"; (b) determining the rates of pay to be given to WWTS limousine drivers; (c) hiring and firing WWTS limousine drivers; (d) determining the course and scope of work of WWTS limousine drivers; (e) determining the hours worked and the schedule to be worked by limousine drivers working for WWTS.

9.      In light of the following duties performed by MALEK in Paragraph 8, above, MALEK is defined as an "employer" under the FLSA, and is jointly and severally liable to

Plaintiff and the putative class if they prevail in this action.

10. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA during his relationship with Defendants, but not within the meaning of the Motor Carrier Act.

11. At all times material hereto, Plaintiff and the putative class members were "employees" of Defendants within the meaning of FLSA. This is true, regardless of the fact that Defendants misclassified Plaintiff, and those similarly situated, as "independent contractors" despite the fact that, among other things: (a) Defendants provided Plaintiff and the putative class members with the vehicles and customers to perform their limousine driving jobs; (b) Defendants unilaterally determined the rate of pay that Plaintiff and the putative class members were to be paid; (c) Defendants controlled the method and manner in which Plaintiff and the putative class members performed their duties and represented Defendants while driving; (d) Defendants' business could not exist, but for Plaintiff and the putative class members driving on its behalf; and (e) Defendants' investment in their business severely trumped Plaintiff's and the putative class members' investment to perform work for Defendants. By virtue of these facts, and the application of the "economic realities test" applied under the FLSA, Plaintiff and the putative class members, are truly considered employees under the FLSA.

12. Plaintiff, and all putative class members, performed identical duties for Defendants as drivers, in that they were instructed by Defendants to transport Defendants' customers, in Defendants' vehicles, from point to point as assigned by Defendants. Further, Plaintiff, and all other putative class members, were paid in the exact same manner, and were subject to the same and uniform rules and requirements implemented by Defendants, and as a

3

prerequisite to drive for Defendants.

13.    At all times material hereto, Defendants were the "employers" within the meaning of FLSA by virtue of the description articulated in Paragraph 11.

14.    Defendant was, and continues to be, an "employer" within the meaning of FLSA.

15.    At all times material hereto, WWTS was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

16.    Specifically, WWTS had two (2) or more employees handling, servicing, or otherwise working for clients outside the State of Florida.  Specifically, as part of Plaintiff, and the other putative class members' duties, they transported clients in Defendants' vehicles who were from out of state, who were staying at local hotels as tourists.  Defendants' records, provided to Plaintiff, and other putative class members, reveal the customers' billing information and location, which demonstrates that many of Defendants' customers were outside the State of Florida.

17.    At all times material hereto, Defendants accepted and processed payments from its customers and others, which were drawn on out-of-state bank accounts.  Specifically, as part of Plaintiff, and the other putative class members' duties, they transported clients in Defendants' vehicles who were from out of state, who were staying at local hotels as tourists.  Defendants' records, provided to Plaintiff, and other putative class members, reveal the customers' billing information and location, which demonstrates that many of Defendants' customers were outside the State of Florida.

18.    Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

19.    At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, because, as limousine drivers, Plaintiff and other putative class members were engaged in the transportation of Defendants' customers on intrastate trips throughout the State of Florida.

20.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants in that, without limousine drivers such as Plaintiff, Defendants could not operate their limousine/transportation business.

## STATEMENT OF FACTS

21.    During the relevant limitations period, Plaintiff, and other putative class members, worked for Defendants as limousine drivers, all of whom Defendants misclassified as "independent contractors."

22.    Plaintiff regularly worked for Defendant in excess of forty (40) hours within a work week. Specifically, while the number of hours could vary per workweek from limousine driver to limousine driver, Plaintiff regularly worked in excess of one hundred hours (100) hours per week (and more) driving for Defendants.  Defendants failed to keep time records of Plaintiff's actual hours worked, but such hours can possibly be recreated through review of Defendants' trip tickets, dispatch records, and other materials in Defendants' possession detailing the dates, times, customers transported, and routes driven by Plaintiff and other putative class members.  Plaintiff, and other putative class members, do not work a set schedule but rather, drive Defendants' vehicles, based on the demand of Defendants' customers.

23.    From at least January 28, 2014, through the termination of his employment, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular

rate for all hours worked in excess of forty (40) hours in a single work week.

24.     As non-exempt limousine drivers misclassified as "independent contractors" by Defendants, Plaintiff, and the putative class members, should be compensated at the rate of one and one-half times their regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

25.     Defendants violated Title 29 U.S.C. §§ 206 and 207 during the last three (3) years in that:

a.     Plaintiff, and the putative class members, regularly worked in excess of forty (40) hours per week during their employment with Defendant;

b.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and putative class members, at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

c.     Defendants failed to maintain proper time records as mandated by the FLSA.

26.     Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

27.     Plaintiff re-alleges and reavers paragraphs 1 through 26 of the Complaint, as if fully set forth herein.

28.     During his employment, Plaintiff, and other putative class members, worked in

excess of the forty (40) hours per week for which they were not compensated at the statutory rate of one and one-half times their regular rate of pay.

29.     Plaintiff, and the putative class members, were entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

30.     At all times material hereto, Defendants failed to fail to maintain proper time records as mandated by the FLSA.

31.     Defendants actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and the other putative class members, at a rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.  Specifically, Defendants have been sued by other limousine drivers like Plaintiff on at least three (3) occasions in the last twelve (12) months alleging a similar misclassification as "independent contractors" and failure to pay overtime.  Notwithstanding, Defendants have refused to modify and/or alter their illegal pay practices.

32.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

33.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and other putative class members, suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

34.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## <u>DECLARATORY RELIEF</u>

41.     Plaintiff adopts all allegations in paragraphs 1 through 26.

42.     Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

43.     The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act.  28 U.S.C. §§ 2201-2202.

44.     Plaintiff may obtain declaratory relief.

45.     Defendant employed Plaintiff.

46.     Defendant WWTS is an enterprise, subject to the coverage of the FLSA in 2011-2014.

47.     Plaintiff was individually covered by the FLSA.

48.     Defendant failed to pay Plaintiff for all hours worked.

49.     Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

50.     Defendant failed to take affirmative steps to support a good faith defense.

51.     Plaintiff is entitled to liquidated damages.

52.     It is in the public interest to have these declarations of rights recorded.

53.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

8

54.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

55.     Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.     Awarding Plaintiff the declaratory relief sought herein;

c.     Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

d.     Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e.     Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f.     Certifying this case as a collective action on behalf of Plaintiff, and all other putative class members, who were limousine drivers for Defendants, were misclassified as "independent contractors," and who were not paid overtime compensation.

g.     Awarding Plaintiff pre-judgment interest;

h.     Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: April 23, 2015.

<div style="margin-left: 40%;">

Respectfully submitted,

**/s RICHARD CELLER**
RICHARD CELLER, ESQ.
Florida Bar No. 017330
CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: richard@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a copy to all counsel of record.

<div style="text-align: center;">

**/s/ RICHARD CELLER**
Richard Celler, Esquire

</div>