UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20909-Civ-KING/TORRES

IGOR SHAKHNIS, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

WORLDWIDE TRANSPORTATION
SERVICES, INC., a Florida Profit
Corporation, and ALI MALEK,
individually.

    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiff Igor Shakhnis's Motion for Certification of Collective Action [D.E. 28].[1] In his motion, Plaintiff asks the Court to certify this case as a collective action and to permit court-authorized notice to putative plaintiffs. *Id.* at 17. Plaintiff also asks the Court to require that Defendants produce a list of all similarly-situated employees who worked for Defendants from March 3, 2012 to the present. *Id.* Defendants filed their response on June 19, 2015. [D.E. 35]. Defendants contend that Plaintiff has failed to meet his burden of showing that the proposed class members are similarly-situated, or, in the alternative, that the time period of the proposed class should be reduced to two years because Plaintiff does not

---

[1] This matter was referred to the undersigned Magistrate Judge by the Honorable James Lawrence King. [D.E. 39].

set forth facts of willful violations. *Id.* at 18. Defendants' response also alleges that Plaintiff's class notice and proposed dissemination are defective. *Id.* at 19. Having carefully considered Plaintiff's motion, Defendants' response, and Plaintiff's reply, the Court orders that Plaintiff's motion be **GRANTED** for the reasons set forth below.

## I. *BACKGROUND*

This case arises out of Plaintiff's complaint against Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. [D.E. 1 at 4]. Plaintiff was hired as an independent contractor by Defendants' transportation company and was tasked with chauffeuring the company's clients. [D.E. 28 at 4]. Plaintiff alleges he and all other similarly-situated drivers did not receive the proper overtime pay of one and one half their regular pay when they would work more than 40 hours a week. *Id.* And Plaintiff maintains this was because the drivers were improperly classified as independent contractors or operators when they should have been classified as employees. *Id.* Eight opt-in plaintiffs have also filed consent forms and declarations in support of Plaintiff's motion and Plaintiff anticipates more drivers joining, as he is "regularly approached" by drivers who have expressed an interest in entering this litigation. *Id.* at 2-3. Plaintiff also alleges that the class could potentially be comprised of 100 members, but that these potential members cannot be identified or notified of this pending litigation without access to Defendants' books and records. *Id.* at 3.

Defendants argue that Plaintiff has not shown that the proposed class members had the same job title, worked in the same geographic location, drove to the same sites,

or were subject to the same policies and practices. [D.E. 35 at 14-17]. Defendants also allege that Plaintiff failed to prove the violations occurred at the same time and the similarity in the actions that constitute the violations. *Id.* at 15-17. Thus, Defendants believe Plaintiff has failed to prove the proposed class members are similarly situated. *Id.* at 18. Alternatively, Defendants ask the time period of the proposed class be reduced from three to two years because Plaintiff has not set forth facts of willful violations, which is a prerequisite to exemption of the two-year statute of limitation imposed by 29 U.S.C. § 255(a). Furthermore, Defendants allege Plaintiff's proposed Class Notice is defective because of its anti-retaliation language, as well as its failure to inform potential class members that there is liability for costs and attorney's fees should Defendants prevail. *Id.* at 18-20. Lastly, Defendants argue that the notices are overly broad because they do not specify which individuals are entitled to overtime and that the posting of the notice at Defendants' place of business is premature because they have not failed to cooperate in the collective action process. *Id.* at 20.

## II. ANALYSIS

### A. *Applicable Principles*

Plaintiff brings this motion pursuant to 29 U.S.C. § 216(b), which provides that employees affected by a defendant-employer's failure to abide by the FLSA's requirements cannot be bound by the decision of an FLSA dispute unless the employees previously consented to being included in the class action. 29 U.S.C. § 216(b). Section 216(b) outlines an "opt-in" class-action, which expressly requires a putative plaintiff to "affirmatively opt into [the] action . . . in order to be

considered a class member and be bound by the outcome of the action. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). "Court-authorized notice in a class action context helps to prevent 'misleading communications,' and ensures that the notice is 'timely, accurate, and informative.'" *Sealy v. Keiser Sch., Inc.*, No. 11-61426-CIV, 2011 WL 7641238, at *4 (S.D. Fla. Nov. 8, 2011) (citing *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 171-72 (1989)).

The Eleventh Circuit has adopted a two-part analysis to determine whether plaintiffs are sufficiently situated to support an opt-in class action. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). In making the first determination at the notice stage, a court must decide whether, in addition to the current plaintiffs, there exist additional employees who (1) are situated with sufficient similarity to require that they be notified of the pending case in order to be given the option to opt-in, and (2) that desire to opt-in. *Id.* To maintain an opt-in class, plaintiffs must demonstrate that all plaintiffs are similar but not necessarily identical to the putative plaintiffs. *See Hipp*, 252 F.3d at 1217 (internal citations omitted). This standard is considerably less stringent than the requirements laid out in Federal Rule of Civil Procedure 20(a). *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

The legal standard to satisfy the similarly-situated requirement for the notice stage is "fairly lenient." *Morgan*, 551 F.3d at 1261; *Hipp*, 252 F.3d at 1218. It essentially amounts to conditional certification, which can be analyzed with greater scrutiny once discovery has been undertaken. *See Morgan*, 551 F.3d at 1261 ("This first

step is also referred to as conditional certification since the decision may be reexamined once the case is ready for trial.") (internal citations omitted). At this stage, the plaintiffs must prove that there is a foundational showing that the proposed class exists, that there are additional employees who are similarly situated with respect to their job requirements and pay provisions, and that these additional employees wish to opt in. *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). "The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide [violations through] detailed allegations supported by affidavits . . . ." *Grayson*, 79 F.3d at 1097. Once plaintiffs satisfy this standard, the action may be conditionally certified and the putative class can then be given notice and provided an opportunity to opt in. *Hipp*, 252 F.3d at 1217.

The second, and more substantive, determination typically occurs after a motion for decertification has been filed and discovery is almost complete. *Id.* at 1218. At this stage, a court will decertify a class if the plaintiffs are not similarly-situated, leaving the class representatives to proceed on their individual claims. *Id.*

### B. *Conditional Class Certification*

Plaintiff contends that Defendants are in violation of the FLSA because they failed and continue to fail to pay overtime wages to former and current drivers classified as independent contractors or operators. [D.E. 28 at 2]. Plaintiff alleges that all drivers classified as independent contractors or operators should be allowed to join this collective action because they did not work independently as "Defendants controlled all aspects of the work done by Plaintiff and those similarly situated." [D.E.

28 at 5]. Eight drivers who claim to have also been misclassified have already joined this litigation and Plaintiff contends Defendants' misclassification affected several other drivers yet to be identified. *Id.* at 9-10.

As noted previously, Defendants maintain that Plaintiff has not demonstrated he and the putative plaintiffs are similarly-situated for several reasons. Defendants argue that Plaintiff has not shown that the proposed class members had the same job title, worked in the same geographic location, drove to the same sites, or were subject to the same policies and practices. [D.E. 35 at 14-17]. Defendants also allege that Plaintiff failed to prove the violations occurred at the same time and the similarity in the actions that constitute the violations. *Id.* at 15-17. Defendants maintain that an individualized analysis must be undertaken to determine whether the putative class members were classified incorrectly. [D.E. 35 at 18].[2]

In this case, all drivers drove Defendants' cars and their pay was predetermined by Defendants' company based on what type of car the driver happened to be driving.

---

[2] Courts apply a six-factor test, the "economic reality test," to "determine whether an individual falls into the category of covered 'employee' or exempted 'independent contractor.'" *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). These include: "(1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; (6) the extent to which the service rendered is an integral part of the alleged employer's business." *Id.* at 1312. "[T]he final and determinative question must be whether the total of the testing establishes the personnel are so dependent upon the business with which they are connected that they come within the protection of FLSA or are sufficiently independent to lie outside its ambit." *Id.* (*citing Usery v. Pilgrim Equip. Co.*, 527 F.2d 1303, 1311-12 (5th Cir. 1976)).

[D.E. 35-1 at 2]. Equally unconvincing, at least for purposes of the certification question, is Defendants' claim that some drivers did not rely on their company for their entire source of income. *Id.* at 5. In fact the record shows that all former drivers who provided affidavits allege they were "entirely dependent on Worldwide for income." [D.E. 28-1 at 4, 28-2 at 4, 28-3 at 4, 28-4 at 4, 28-5 at 4, 28-6 at 4, 28-7 at 4, 28-8 at 3-4]. Gilberto Blanco, a current employee, is similarly dependent on Worldwide for income, even though he claims he may choose to seek supplemental employment. [D.E. 35-2 at 3].

Accordingly, the supporting record supports Plaintiff's argument for conditional certification at this stage of the proceedings, without prejudice of course to the ultimate resolution of the issues in dispute. For now, the Court finds that Plaintiff has met the lenient standard required to receive conditional class certification at this stage of the litigation because the record reflects detailed and substantiated allegations of class-wide violations affecting multiple potential plaintiffs. *See Grayson*, 79 F.3d at 1097. That is sufficient for purposes of this motion.

### C. *Class Definition*

Plaintiff proposes the following language be included in the Class Notice:

> If at any time since March 5, 2012, you worked as a driver for Worldwide Transportation Services, Inc. and were classified as an "independent operator ("I/O") or "independent contractor" a collective action lawsuit regarding overtime wages may affect your rights.

[D.E. 28-9 at 2]. Defendants argue that this language, as well as the Notice itself, are defective for several reasons. [D.E. 35 at 19]. Defendants maintain that the Notice should inform potential class members of the possibility of having to pay attorney's fees

should they lose. [D.E. 35-3 at 2]. Defendants also contend the proposed language above is overly broad and could be cured by including language that indicates this lawsuit only affects those drivers who were not paid overtime wages after having worked more than 40 hours in one week. *Id.* at 1.

Because "notices should include language regarding potential liability for costs and attorney's fees and appropriate definitions of the potential class," the Court finds these two proposed changes appropriate. *See, e.g., Trentman v. RWL Commc'ns, Inc.*, No. 2:15-CV-89-FTM-38CM, 2015 WL 2062816, at *4 (M.D. Fla. May 4, 2015). Moreover, the anti-retaliation language in Plaintiff's proposed Class Notice is inappropriate and should therefore be amended to include neutral language that informs potential opt-ins, but does not solicit them. *Palma v. MetroPCS Wireless, Inc.*, No. 8:13-CV-T-33MAP, 2014 WL 235478, at *2 (M.D. Fla. Jan. 22, 2014); *see also Trentman*, 2015 WL 2062816, at *4.[3]

### D. *Content and Manner of Notice to Putative Plaintiffs*

Plaintiff seeks authorization to provide notice and a consent form to all drivers employed by Defendants during the three years prior to sending the Class Notice through the mail and by posting it in Defendants' facilities and garage. [D.E. 28-8 at 17-18]. Defendants object to the posting of the notice in such a location. [D.E. 35 at 20]. However, such posting is not inappropriate in the instant case. *See, e.g., Collado v. J.*

---

[3] The Court rejects the objection to the three-year period in the proposed notice. A sufficient record has been provided that could support a willfulness determination. Though it is also entirely possible that Defendants' defense to this aspect of the claim could also be successful, again for purposes of this motion, a prima facie basis exists to allow a three-year notice.

*& G. Transp., Inc.*, No. 14-80467-CIV, 2014 WL 5390569, at *6 (S.D. Fla. Oct. 23, 2014) (allowing notice to be posted in a conspicuous location in Defendants' business offices where putative class members could be expected to frequent) (internal citations omitted).

On the other hand, the Court has reviewed the contents of the notice and finds that it should be amended to better inform all putative plaintiffs of their right to join or not to join this lawsuit, and the consequences of both decisions. Accordingly, Plaintiff's motion to certify the collective class is **GRANTED** and the language of the notice must be **AMENDED**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that:

1. Plaintiff's motion for collective class certification [**D.E. 28**] is **GRANTED**.

2. Plaintiff's proposed Class Notice shall be **AMENDED** as set forth herein.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of August, 2015.

                                                /s/ *Edwin G. Torres*
                                                EDWIN G. TORRES
                                                United States Magistrate Judge